UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS LEWIS,

        Petitioner,

v.

DAVID SMITH,

        Respondent.
_____/

Case No. 1:02-CV-681

HON. RICHARD ALAN ENSLEN

**OPINION**

      This matter is before the Court on Petitioner Carlos Lewis' Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation issued July 12, 2005. Said Report recommended the denial of Petitioner's Petition for Writ of *Habeas Corpus*. This Court now reviews the Report, the Objections and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636. Upon such review, the Court finds that the Report and Recommendation should be adopted and the Petition dismissed.

      Petitioner asserts four objections to the Report. First, Petitioner objects to the Report's recommendation to deny Petitioner 's claim under the Equal Protection Clause of the Fourteenth Amendment asserting that Petitioner's rights were violated by the prosecutor's manipulation of the jury pool to exclude African-Americans. (Objs. at 3-4 (citing *Batson v. Kentucky*, 476 U.S. 79 (1986)).) Upon review, the Court determines that Petitioner has submitted no evidence that there was purposeful manipulation by the prosecutor to systematically exclude African-Americans or any other race from the jury pool and finds Petitioner's objection to be meritless. *See People v. Knight*, 473 Mich. 324 (2005); *People v. Smith*, 463 Mich. 199, 203 (2000) (holding that "[t]o establish a *prima facie* violation of the fair cross-section requirement, a defendant must show that a distinctive

group was under-represented in his venire or jury pool, and that the under-representation was the result of systematic exclusion of the group from the jury selection process."). Additionally, the Michigan Court of Appeals found this argument to be meritless. *See People v. Lewis*, No. 212645, Op. at 4-5 (Mich. Ct. App. June 16, 2000.) This Court determines that the decision of the Michigan Court of Appeals is neither contrary to, nor involves an unreasonable application of, clearly established federal law or that it was an unreasonable determination of the facts in light of the evidence presented. The Court denies Petitioner's objection as meritless.

Petitioner secondly objects to the Report's recommendation that the testimony of Clarence Woods given at trial was perjured testimony. Petitioner asserts that Woods testified pursuant to a plea agreement and perjured himself to receive a lesser sentence. (Objs. at 5-6.) Upon review, the Court determines that this claim is without merit and adopts the analysis set forth in the Report. This Court's review of the evidence leads to the same conclusion reached in the Report, that there is no evidence that Woods testified at Petitioner's trial pursuant to a plea bargain or that Woods offered perjured testimony. Additionally, the Michigan Court of Appeals found this argument to be meritless. *See People v. Lewis*, No. 212645, Op. at 2 (Mich. Ct. App. June 16, 2000.) This Court determines that the decision of the Michigan Court of Appeals is neither contrary to, nor involves an unreasonable application of, clearly established federal law or that it was an unreasonable determination of the facts in light of the evidence presented. The Court determines that Petitioner's objection is meritless.

Petitioner's third objection is to the Report's recommendation that there was sufficient evidence to support Petitioner's conviction. (Objs. at 8.) Upon review, the Court determines that evidence produced at trial supports the decisions of the Michigan courts to affirm Petitioner's

conviction. Additionally, the Michigan Court of Appeals found this argument to be meritless. *See People v. Lewis*, No. 212645, Op. at 3-4 (Mich. Ct. App., June 16, 2000.) This Court determines that the decision of the Michigan Court of Appeals is neither contrary to, nor involves an unreasonable application of, clearly established federal law or that it was an unreasonable determination of the facts in light of the evidence presented. Therefore, the Court denies Petitioner's objection.

Petitioner's final objection is to the Report's recommendation to deny Petitioner's ineffective assistance of counsel claim. Petitioner asserts he was denied effective assistance of counsel for failing to pursue the issue of whether Petitioner's rights under the Equal Protection Clause of the Fourteenth Amendment were violated by the prosecutor's manipulation of the jury pool to exclude African-Americans. (Objs. at 12.) For the reasons stated previously, Petitioner's claims of racial discrimination is without merit. *Supra*. Therefore, counsel was not ineffective for failing to pursue such a claim. For those reasons the Court denies Petitioner's objection.

Pursuant to 28 U.S.C. § 2253(c), the Court must assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the motion is debatable among reasonable jurists or otherwise adequate to deserve encouragement. Upon review of each of the issues raised in the Petition, the Court determines for the reasons stated in the Report and Recommendation and this Opinion that none of

the issues are "reasonably debatable" or "deserve encouragement" on appeal. As such, a certificate of appealability will be denied.

    A Final Order is accordance with this Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    August 22, 2005 |  /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |